IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TINA WILLIAMS, ) | |
| ) | Civil Action |
|    Plaintiff, ) | No. |
| v. ) | |
| ) | |
| ARNOLD J. LIZANA, III., P.C., and ) | JURY TRIAL DEMANDED |
| ARNOLD J. LIZANA, III. ) | |
| ) | |
|    Defendants. ) | |
| _____ ) | |

## **COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Tina Williams ("Plaintiff"), and files this Complaint against Defendants Arnold J. Lizana, III., P.C., ("Defendant AJL P.C.") Arnold J. Lizana, III. ("Defendant Lizana") (Defendant AJL, P.C. and Defendant Lizana collectively referred to as "Defendants") and stating the following:

### I.   **Nature of Amended Complaint**

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendants.

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant AJL P.C. is a Georgia professional corporation and resides in this jurisdiction. Defendant Lizana is the owner of Defendant AJL P.C. and resides in this district. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendants as a paralegal from April 2016 to September 28, 2018.

7.

For the first approximately six months of her employment, Williams was paid on an hourly basis at a rate of $35 per hour. From October 2016 to December 2017, Williams was paid on an hourly basis at a rate of $75 per hour. From January 2018 to the end of her employment, Williams was paid on a salary basis of $3,365.38 per week.

8.

Throughout Plaintiff's employment with Defendants, Plaintiff's primary duty was the performance of non-exempt work, specifically paralegal tasks in Defendants' law practice.

9.

Throughout her employment, Plaintiff was not paid overtime compensation, calculated at one and one-half times her regular rate, for the hours she worked over 40 in workweeks.

\

10.

Plaintiff was an "employee" of Defendants, as that term has been by the FLSA.

11.

Throughout her employment, Plaintiff regularly worked more than 40 hours in given workweeks and was not paid overtime compensation at one and one-half times her regular rate for such hours worked over 40.

12.

Defendants are "employers" as that term has been defined by the FLSA.

13.

Plaintiff was entitled to overtime compensation throughout her employment with Defendants.

14.

Defendant AJL P.C. is a private employer engaged in interstate commerce, and its gross revenues exceeded $500,000 in 2016, 2017 and 2018. Defendant is and has been an employer subject to the FLSA's overtime requirements at all times relevant to Plaintiff's claims. Additionally, throughout her employment Plaintiff was individually covered under the FLSA.

15.

Defendants knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without receiving overtime compensation at the required rate.

16.

Defendants failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

17.

Defendant Lizana is involved in the day-to-day operations and has substantial operational control over Defendant AJL P.C., including, without limitation, the policies governing individuals employed in the same capacity as Plaintiff.

18.

Defendant Lizana exerts substantial control over Defendant AJL P.C.'s compliance with the FLSA.

19.

Defendant Lizana has the power to hire and fire employees, including, without limitation, individuals employed by Defendant AJL P.C. in the same capacity as Plaintiff.

20.

Defendant Lizana determines the rate and method of payment for employees including, without limitation, individuals employed by Defendant AJL P.C. in the same capacity as Plaintiff.

## Count I

## Violations of the Fair Labor Standards Act.

21.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

22.

Defendants have violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

23.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

24.

Defendants knew or showed reckless disregard for the fact their actions, policies, and/or omissions violated the FLSA.

25.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

26.

Defendants willfully violated the FLSA in failing to pay Plaintiff overtime compensation, thus entitling Plaintiff to a three year statute of limitations for her claim.

## IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)   Permit Plaintiff to amend his Complaint to add state law claims if necessary;

(E)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 21st day of January, 2019.

                              **BARRETT & FARAHANY**

                              /s/ V. Severin Roberts
                              V. Severin Roberts
                              Georgia Bar No. 940504
                              Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com